<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 18-044 (SRC)** |
| v. | : | |
| | : | |
| DEQUAN FARLOW | : | **OPINION & ORDER** |
| | : | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on the motion filed <u>pro se</u> by Defendant Dequan Farlow ("Defendant" or "Farlow") for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF 31], which Defendant bases on the fact that the covid-19 pandemic has made it difficult for the mother of his children to care for their children without his assistance. The United States of America (the "Government") has opposed the motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

**I.    BACKGROUND**

Farlow is a 30-year-old man presently incarcerated at FCI Berlin in New Hampshire. Farlow has not claimed to suffer from any medical ailments or conditions. Based on the ongoing covid-19 pandemic, Farlow filed a request with the Bureau of Prisons ("BOP") for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The BOP denied this request on or about April 20, 2020. Farlow then submitted this <u>pro se</u> motion under the First Step Act on January 15, 2021.

1

Farlow's current prison sentence arises out of his conviction for illegally possessing a firearm. In short, on June 30, 2017, Farlow approached the home of two individuals, one of whom he had previously dated, and shot a firearm within their vicinity. Farlow then attacked one of the individuals, known as "Victim-1," by hitting her face with his firearm and striking her multiple times. Once police arrived on the scene, Farlow attempted to flee, but was ultimately apprehended and arrested.

Then, on June 6, 2018, pursuant to a plea agreement with the Government, Farlow pled guilty to the crime of possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The applicable sentencing guidelines range was 100 to 125 months, but this Court sentenced Farlow to a 94-month prison sentence and a three-year term of supervised release. Farlow has been in custody since his arrest and, according to the BOP, Farlow's estimated release date, assuming good-time credit, is on or about March 3, 2024. Therefore, Farlow has served approximately 61% of his sentence and has approximately 37 months remaining.

**II.   DISCUSSION**

Relying on 18 U.S.C. § 3582(c)(1)(A), Farlow moves for modification of his sentence to time served, or in the alternative, for an order modifying the remainder of his custodial sentence to home confinement. Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" unless one of the enumerated statutory exceptions applies. 18 U.S.C. § 3582(c); see also Dillon v. United States, 560 U.S. 817, 825 (2010) (holding that a district court may modify a sentence of imprisonment only in "limited circumstances"). The exception at issue in the motion before the Court concerns reducing a defendant's term of

imprisonment for "extraordinary and compelling reasons" as set forth in Section 3582(c)(1)(A)(i). Pursuant to this provision, a court may reduce a defendant's term of imprisonment if the following conditions are satisfied: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 provides that a motion for such relief may be brought by either the Director of the BOP or by the defendant himself once the defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

As a threshold matter, there is no dispute that Farlow has met the statutory exhaustion requirement. Exhaustion under the statute requires one of the following: (1) the defendant must fully pursue administrative appeal of the BOP's decision not to file a motion on the defendant's behalf or (2) wait until "the lapse of 30 days from the receipt" by the warden of the defendant's facility of the defendant's request that a motion be filed. 18 U.S.C. § 3582(c)(1)(A). Prior to filing this motion, Farlow applied to the BOP for compassionate release and the BOP declined to grant Farlow relief or pursue a motion on his behalf. As such, because thirty days have passed since the warden first received Farlow's request, the Court finds that Farlow has exhausted his administrative remedies and will proceed to consider the merits of the instant motion.

Next, the Court must first determine whether Defendant has presented "extraordinary and compelling reasons" for a reduction in sentence. The Court notes that the statute itself does not define the key terms "extraordinary and compelling," apparently providing courts with some

3

flexibility and discretion to consider the unique circumstances of a motion for compassionate release. Where the Sentencing Commission has published an applicable policy statement, courts will consult the statement as "helpful guidance" on the circumstances which rise to reasons warranting relief under § 3582(c)(1)(A). United States v. Lisi, 440 F. Supp. 3d 246, 249-250 (S.D.N.Y. 2020) (observing that the policy statement, though issued prior to the First Step Act, remains relevant to a court's analysis); see also United States v. Rodriguez, 451 F. Supp. 3d 392, 400 (E.D. Pa. 2020) (holding that the policy statement "remains informative" in evaluating a motion under the First Step Act and citing various cases holding the same).

The Sentencing Commission has issued a policy statement on the reduction of a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), set forth in Sentencing Guidelines § 1B1.13. This policy statement expressly identifies three specific examples that might warrant relief under § 3582(c)(1)(A): certain medical conditions, advanced age, and particular family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)-(B). In particular, the Application Note to the policy statement first specifies that a defendant meets the standard for "extraordinary and compelling reasons" if he either suffers from a terminal illness, or if he is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A)(ii). Further, with respect to a defendant's age, the Application Note explains that age is an "extraordinary and compelling reason" if: the

4

defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. U.S.S.G. § 1B1.13, Application Note 1(B). Finally, the Application Note also states that the following family circumstances may constitute an "extraordinary and compelling reason" for relief: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Note 1(C).

In this case, Farlow alleges that exigent circumstances caused by the covid-19 pandemic, as well as his demonstrated good behavior while incarcerated, create an extraordinary and compelling reason for reducing his sentence. In particular, Farlow claims that the mother of his children is an essential worker, and thus that she is having great difficulty caring for their minor children during the covid-19 pandemic while Farlow is incarcerated. Nevertheless, Farlow does not assert that he is afflicted by any medical conditions that would put him at an increased risk of serious illness or death should he contract the coronavirus. Further, as the Government points out, during his interview with the Probation Office before his sentencing, Farlow did not mention any serious or chronic illnesses, medical conditions, hospitalizations, or surgeries. Farlow is also 30-years old and therefore his age does not put him at increased risk due to covid-19. Additionally, Farlow does not meet the standards for extraordinary and compelling reasons set by the Sentencing Guidelines' Application Note with respect to medical conditions and age, as he does not claim to suffer from any serious health conditions or a condition that substantially impedes him from performing self-care in a custodial setting, and he is not at least 65 years old.

Nevertheless, Farlow does claim that his family circumstances constitute an extraordinary and compelling reason for his release. However, this claim is similarly unavailing, as Farlow's articulated reason for seeking release due to family circumstances does not fall into either of the two limited categories set forth in the Application Note's section regarding family circumstances. Farlow has not alleged that the mother of his children has passed away or is incapacitated; rather, he has merely claimed that her position as an essential worker makes it difficult for her to care for their children without his assistance. While the Court understands the hardship that this may present for Farlow's family, this is not the same as a caregiver being incapacitated, and thus is not a basis for compassionate release under the statute.

Moreover, while Farlow asserts that his productive behavior while incarcerated is also relevant, this alone cannot constitute an extraordinary and compelling reason supporting his release. See 28 U.S.C. § 994 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for modification of a sentence under § 3582]."). Further, courts have generally not granted compassionate release on these grounds. See, e.g., United States v. Dogan, Nos. 16-CR-00198-JAM-1 and 16-CR-00199-JAM-1, 2020 WL 4208532, at *3 (E.D. Cal. July 22, 2020) ("The Court recognizes that caring for children fulltime, in the midst of a public health crisis, is increasingly challenging. But it is neither unusual nor insurmountable."); United States v. Carr, No. 16-CR-054-WJM-1, 2020 WL 1815910, at *4 (D. Colo. Apr. 10, 2020) (denying a compassionate release motion based on child care issues because care was available for the defendant's minor children); see also United States v. Burbidge, No. 15-CR-172, 2019 WL 4863481, at *4 (D.N.D. Oct. 2, 2019) (finding that having two minor children in

6

foster care is not an extraordinary and compelling circumstance). Therefore, as a whole, Farlow has not demonstrated an extraordinary and compelling reason for his release.

Second, for the same reasons already discussed, releasing Farlow would not be consistent with the Sentencing Commission's policy statement, as he does not meet the criteria for a medical condition, age-related, or familial reason supporting compassionate release.

Finally, even if Farlow were able to demonstrate an extraordinary and compelling reason for his release, the applicable factors listed in 18 U.S.C. § 3553(a) strongly weigh against granting Farlow's motion for compassionate release. Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B).

As for the nature of the offense, Farlow's crime was serious and inherently violent, as he was convicted for illegally possessing a firearm. He also shot his firearm near two individuals, attacked Victim-1, leaving her bloody and injured, and then fled the scene before being apprehended by the police. Additionally, before escalating to this violent offense, Farlow had a significant history of drug offenses. As such, Farlow's criminal history and the seriousness of his offense militate against release.

The need for deterrence also points strongly against release. Indeed, because of Farlow's history of other crimes, the need for specific deterrence in this case is particularly acute. Further, the interest in deterring others from committing crimes of this nature would not be served by

relieving Farlow of his sentence, which was already under the Guidelines range. Moreover, Farlow has served only approximately 61% of his sentence, a fact which also militates against granting his motion for compassionate release. United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (holding that a district court may consider the time remaining on a defendant's sentence in evaluating whether to grant a motion for compassionate release). Thus, on balance, the considerations applicable to a motion for compassionate release weigh decidedly against granting Farlow the relief he seeks.

Finally, the Court addresses Defendant's request that, as an alternative to reducing his term of imprisonment, the Court order him to serve the remainder of his sentence in home confinement. The Court has no authority to issue such an order. An application for home confinement is distinct from a motion to reduce the term of imprisonment under Section 3582(c), which does not authorize the Court to dictate the place of confinement. Defendant's request for home confinement under the custody of the BOP is governed by 18 U.S.C. § 3624(c)(2), as amended by Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The CARES Act does not empower a district court to transfer an inmate to home confinement; rather, that decision rests solely within the discretion of the BOP. See United States v. Moore, Crim. No. 19-101 (KM), 2020 WL 4282747, at *8 (D.N.J. July 27, 2020); see also 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."). This Court simply has no jurisdiction to issue any orders predicated upon 18 U.S.C.§ 3624(c)(2) or its amendments under the CARES act. See United States v. Viteri, Crim No. 19-44 (FLW), slip op. at 4 (D.N.J. April 10, 2020); United States v. McGimsey, Crim.

Action No. 11-CR-00069-TBR, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (holding same).

### III.   ORDER

For the reasons set forth above,

**IT IS** on this 30th day of March, 2021,

**ORDERED** that Defendant Dequan Farlow's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF 31] is **DENIED**.

                                              s/ Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge